UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JULIE L. LOHMANN f/k/a JULIE L. DIBARI,

                        Plaintiff,

        v.                                                                              **DECISION AND ORDER**
                                                           12-CV-964S

CAROLYN W. COLVIN,
ACTING COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.

        1.      Plaintiff Julie L. Lohmann challenges an Administrative Law Judge's ("ALJ") decision, dated October 29, 2010, wherein the ALJ determined that Plaintiff was not disabled under sections 216(i) and 223(d) of the Social Security Act. Plaintiff protectively filed an application for disability insurance benefits on May 14, 2008 alleging that she became disabled beginning November 16, 2006. She now contends that the ALJ's determination is not based upon substantial evidence, and reversal is warranted.

        2.      Plaintiff's application for disability insurance benefits was initially denied on September 24, 2008.  Plaintiff requested a hearing on that denial, which was granted, and on October 1, 2010, she and a vocational expert testified before the ALJ.  The ALJ issued a decision denying Plaintiff's application for disability insurance benefits on October 29, 2010 and the Appeals Council denied Plaintiff's request for review on August 10, 2012, rendering the ALJ's determination the final decision of the Commissioner. Plaintiff filed the instant action on October 12, 2012.

        3.      On June 17, 2013, both Plaintiff and the Commissioner filed Motions for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Judgment on the pleadings is appropriate where material facts are undisputed and where a judgment on the merits is possible merely by considering the contents of the pleadings.

Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639, 642 (2d Cir. 1988).

4.     A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled.  See 42 U.S.C. §§ 405(g), 1383(c)(3); Wagner v. Sec'y of Health & Human Servs., 906 F.2d 856, 860 (2d Cir. 1990).  Rather, the Commissioner's determination will only be reversed if it is not supported by substantial evidence or there has been a legal error.  See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979).  Substantial evidence is that which amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971) (internal quotation marks and citation omitted).  Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.  See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982), *cert denied*, 459 U.S. 1212 (1983).

5.     To determine whether the ALJ's findings are supported by substantial evidence, "a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams on Behalf of Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988).  If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992).  In other words, this Court must afford the Commissioner's determination considerable deference, and will not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." Valente v. Sec'y of

Health & Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

6.     The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled as defined under the Act.  See 20 C.F.R. § § 404.1520, 416.920.  The United States Supreme Court recognized the validity of this analysis in Bowen v. Yuckert, 482 U.S. 137, 140-42, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987), and it remains the proper approach for analyzing whether a claimant is disabled.

7.     This five-step process is detailed below:

First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity.  If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities.  If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations.  If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity.  Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work.  Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam); see also Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999); 20 C.F.R. § 404.1520.

8.     While the claimant has the burden of proof as to the first four steps, the Commissioner has the burden of proof on the fifth and final step.  See Bowen, 482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984).  The final step of this inquiry is, in turn, divided into two parts.  First, the Commissioner must assess the claimant's job qualifications by considering his physical ability, age, education and work experience.  Second, the Commissioner must determine whether jobs exist in the national

economy that a person having the claimant's qualifications could perform.  See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1520(g); Heckler v. Campbell, 461 U.S. 458, 460-61, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

9.     In this case, the ALJ made the following findings with regard to the five-step process set forth above: (1) Plaintiff had not engaged in substantial gainful activity since November 16, 2006, her alleged onset date (R. 20);[1] (2)  Plaintiff had the following severe impairments: lumbar and thoracic disc disease and obesity (R. 20-21); (3) neither these impairments or any combination thereof met or medically equaled a recognized disabling impairment under the regulations (R. 22-23); (4) Plaintiff had the residual functional capacity ("RFC") to perform sedentary work with certain limitations, including among other things the need for an option to alternate between sitting and standing every 30 minutes, only occasional use of ramps and stairs, and only occasional balancing, stooping, kneeling, crouching and crawling (R. 23-26); and (5) although Plaintiff was unable to perform any of her past relevant work, she had the capacity to perform other jobs, such as ticket seller, telephone survey worker, and telephone marketing (R. 26-27).

10.   Plaintiff first argues that the denial is not supported by substantial evidence because the ALJ erred in determining that Plaintiff's depression was not severe. Plaintiff further argues that because the ALJ did not consider this and her other mental impairments when determining her RFC, this error is not harmless.  See generally Reices-Colon v. Astrue, 523 F. App'x 796, 798 (2d Cir. 2013) (any error in failing to identify a severe impairment is harmless if that impairment is specifically considered during the subsequent steps).

---

[1] Citations to the underlying administrative record are designated as "R."

A "severe impairment" is "any impairment or combination of impairments which significantly limits [a claimant's] physical or mental ability to do basic work activities," including understanding and carrying out simple instructions and responding appropriately to others in usual work situations. 20 C.F.R. § 404.1520(c); § 404.1521. Here, after considering the four broad functional areas of 20 C.F.R. § 404.1520a's special technique for assessing mental impairments, the ALJ found that Plaintiff's depression did not cause more than a minimal limitation on her ability to perform basic mental work activities. (R. 21.) Specifically, the ALJ found that Plaintiff had no more than a mild limitation in daily living activities; social functioning; and concentration, persistence and pace; and further found that there were no periods of decompensation.   (R. 21-22); see 20 C.F.R. § 404.1520a(d)(1)(if the limitations in the first three areas are rated mild or less, and there are no episodes of decompensation, the impairment will not be found severe).

In so concluding, the ALJ gave little weight to the opinion of a consultative psychologist who found that Plaintiff would have "moderate limitations being able to maintain a regular schedule, relate adequately with others and deal with stress." (R. 22, 448.) This psychologist further found that the results of Plaintiff's "examination appear to be consistent with stress related and psychiatric problems and this may significantly interfere with the claimant's ability to function on a daily basis." (R. 448.) The ALJ discredited this assessment because it was the result of a "one-time snap shot which was heavily reliant on the claimant's self-reports." (R. 22.)  "[G]reat weight" was instead given to the conclusion of the state agency psychological consultant that Plaintiff's "psychiatric impairment is not severe." (R. 22, 468.)   It appears, however, that the state agency consultant only reviewed Plaintiff's file and almost exclusively relied on, without discussion, the very examination conducted by the consultative psychologist that the ALJ found

5

insufficient. (R. 468.) It cannot therefore be concluded that substantial evidence supports the ALJ's determination that Plaintiff did not have a severe mental limitation.

Moreover, this error also cannot be considered harmless where Plaintiff's mental limitations were not specifically considered during any subsequent step in the ALJ's decision. This is particularly troubling because, at the hearing, the ALJ presented two separate hypotheticals to the vocational expert that involved mental limitations. The first assumed that an individual would be limited to simple routine, repetitive, and low stress tasks in a job that would have only occasional decision making and occasional changes in the work setting, and the vocational expert opined that there would be jobs available for such an individual who also had Plaintiff's physical limitations. (R. 64-66.) No jobs were available for the individual described in the second hypothetical, however, which assumed that the individual would be off-task more than thirty percent of the time, require more than two unscheduled breaks per day, and be absent more than three times per month. (R. 66.) The ALJ therefore appears to have found sufficient evidence in the record to warrant presenting hypotheticals with mental limitations, but fails to address either her acceptance or rejection of such limitations in the RFC analysis or ultimate decision. Remand is therefore warranted.

11.     Because resolution of the issues discussed above may affect Plaintiff's remaining contentions, particularly regarding Plaintiff's credibility, further discussion at this time would be premature. This Court notes, however, that any determination on remand must be sufficiently specific to enable a reviewing court to consider whether the determination is supported by substantial evidence. Ferraris, 728 F.2d at 587.

12.     For the foregoing reasons, the Court cannot conclude that the ALJ's determination is supported by substantial evidence. Plaintiff's Motion for Judgment on the

Pleadings is granted.

IT HEREBY IS ORDERED, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 9) is GRANTED;

FURTHER, that Defendant's Motion for Judgment on the Pleadings (Docket No. 10) is DENIED;

FURTHER, that the decision of the ALJ is REVERSED and this matter is REMANDED to the Commissioner of Social Security for further proceedings consistent with the above decision;

FURTHER, that the Clerk of the Court is directed to take the necessary steps to close this case.

SO ORDERED.

Dated:   April 26, 2014
         Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
Chief Judge
United States District Court